UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| JASON DAVIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 1:05-CV-13/1:03-CR-68 |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM**

This matter comes before the Court on the motion of *pro se* petitioner Jason Davis ("Petitioner") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Court File No. 1, "Petition"). Petitioner attached a memorandum at the back of his Petition (Court File No. 1, "Petitioner's memorandum"). Pursuant to the Court's Order (Court File No. 3), the Government filed a response to Petitioner's motion (Court File No. 4, "Government's Response"). Petitioner then filed a traverse to the Government's response (Court File No. 5, "Petitioner's traverse"). The Court finds the materials thus submitted, together with the complete record of the underlying criminal case,[1] conclusively show Petitioner is not entitled to relief on the claims asserted in his Petition. Accordingly, the Court will decide those matters without an evidentiary hearing, *see United States v. Todaro*, 982 F.2d 1025, 1028 (6th Cir.), *cert. denied*, 508 U.S. 943, 113 S. Ct. 2423,

---

[1]In accordance with Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Court has considered all of the pleadings and filings in Petitioners § 2255 motion, which will be cited by the Court File Number assigned to the particular pleading or motion (*e.g.*, "Court File No. 1"), and all the files, records, transcripts, and correspondence relating to Petitioner's conviction in Criminal Docket No. 1:03-CR-68, which will be referred to by the Court File Number assigned to the particular matter in the underlying criminal case (*e.g.*, "Crim. Court File No. 1").

124 L. Ed. 2d 644 (1993), and will **DENY** Petitioner's motion for the reasons stated herein.

I.	**FACTUAL AND PROCEDURAL BACKGROUND**

From August 2001 to February 2002, Petitioner conspired with others to commit, and did commit, armed robbery of various businesses in Chattanooga, Tennessee. (Crim. Court File No. 98, Plea Agreement at ¶ 24.) The Government charged Petitioner and others with this conspiracy and with committing ten armed robberies. (Crim. Court File No. 1, Indictment.) On July 24, 2003, Petitioner pleaded guilty pursuant to a written plea agreement to conspiracy to commit robbery in Count One; armed robbery in Counts Four, Six, Eight, Ten, Twelve and Fourteen; brandishing a firearm in Count Five that was in furtherance of the armed robbery in Count Four; and brandishing a firearm in Count Seven that was in furtherance of the armed robbery in Count Six. (Crim. Court File No. 98 at ¶¶ 1-9.) In paragraph 24, Sections a through j, of his plea agreement, Petitioner stipulated to a lengthy recitation of facts covering 5 pages. (Crim. Court File No. 98 at ¶ 24.) The Court incorporates by reference all stipulated facts contained within paragraph 24 of Petitioner's plea agreement. (*Id*.) At the time of sentencing, the Government dismissed Counts Three, Nine, Eleven, Thirteen, Fifteen, Sixteen, Seventeen, Eighteen, Nineteen Twenty and Twenty-One of the Indictment as to Petitioner.

The Presentence Investigation Report ("PSR") was prepared and provided to the parties. Under USSG § 3D1.2(d), substantive counts can be grouped with the count charging a conspiracy, but the robbery counts cannot be grouped with one another. Therefore, the probation officer grouped the conspiracy count with each of the substantive counts. (PSR at ¶¶ 73-117.) Then, for each of those groups, the probation officer determined the base offense level. (*Id*. at ¶¶ 74, 82, 89, 96, 103, 111.) Pursuant to USSG § 2K2.4, Application Note 4, although Petitioner or others

brandished a firearm in each of the armed robberies to which Petitioner pleaded guilty, the probation officer did not increase the base offense level for the armed robberies in Count Four or Six because Petitioner pleaded guilty to the same conduct of brandishing a firearm in Counts Five and Seven in violation of 18 U.S.C. § 924(c). (*Id*. at ¶¶ 75, 83.) Pursuant to USSG § 2B3.1(b)(2)(B), the probation officer increased the base offense level for the armed robberies in Counts Eight, Ten, Twelve and Fourteen because Petitioner or others brandished a firearm in furtherance of those robberies. (*Id*. at ¶¶ 90, 97, 104, 112.)

Next, the probation officer applied a multiple count-adjustment. As a result, Petitioner had a combined adjusted offense level of 30, which was reduced by three levels for acceptance of responsibility to offense level 27. (*Id*. at ¶¶ 73, 120-129, 131-133.) Petitioner's criminal history points totaled 19, which established a criminal history category of VI.

However, as shown in Petitioner's criminal history in the PSR, Petitioner had been convicted of five violent felony offenses. (*Id*. at ¶¶ 144, 149-52.) Pursuant to USSG § 4B1.1, Petitioner is a Career Offender because he was at least eighteen years old at the time he committed the instant offense of conviction, the instant offense of conviction is a felony that is a crime of violence, and he has at least two prior felony convictions of a crime of violence. (*Id*. at ¶¶ 134, 156.) Therefore, as a Career Offender, Petitioner's offense level was enhanced to 32, reduced by three levels to 29 for acceptance of responsibility, and his criminal history category was VI. (*Id*. at ¶¶ 134-36, 156.) Petitioner's sentencing range was 151 to 188 months. In addition, as required by 18 U.S.C. § 924(c)(1)(A)(ii), petitioner faced a mandatory minimum consecutive term of imprisonment of seven years for the brandishing a firearm in Count Five and twenty-five years for the second or subsequent conviction for brandishing a firearm in Count Seven. (*Id*. at ¶¶ 117, 118, 193, 194.) Petitioner's

3

effective guideline range was 535 to 572 months. (*Id*. at 195.)

The Court imposed a sentence of 540 months. Petitioner was represented by attorney John Brooks ("Counsel") at all stages of the proceedings. Petitioner did not appeal his conviction or sentence. Judgment was entered January 30, 2004. (Crim. Court File No. 138, Judgment.) On January 10, 2005, Petitioner timely filed the present motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. (Crim. Court File No. 145; Court File No. 1.) Petitioner now raises three claims attacking the judgment in his case (Court File No. 1 at 4-5). For the reasons stated below, these claims provide no basis to grant his Petition.

## II.   STANDARD OF REVIEW

Section 2255 of Title 28 of the United States Code permits a prisoner in custody under sentence of a federal court to move the court that imposed the sentence to vacate, correct, or set aside that sentence, on the grounds:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255. This Court has jurisdiction under 28 U.S.C. § 1331. Petitioner has the burden of establishing any claim asserted in the petition. *See Bowers v. Battles,* 568 F.2d 1, 5 (6th Cir. 1977); *Mayes v. United States,* 93 F. Supp. 2d 882, 886 (E.D. Tenn. 2000).

Where a constitutional error is alleged, in order to obtain relief under § 2255 the record must reflect a constitutional error of such magnitude it had a substantial and injurious effect or influence on the proceedings. *See Brecht v. Abrahamson*, 507 U.S. 619, 637-38, 113 S. Ct. 1710, 1721-22, 123 L. Ed. 2d 353 (1993); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). In order to

prevail on a § 2255 motion alleging non-constitutional error, a petitioner must show a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Riggs v. United States*, 209 F.3d 828, 831 (6th Cir.), *cert. denied*, 531 U.S. 884, 121 S. Ct. 200, 148 L. Ed. 2d 140 (2000); *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). Thus, "[a] motion brought under § 2255 must allege one of three bases as a threshold standard: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001).

One of Petitioner's claims rest on allegations of ineffective assistance of counsel. The Sixth Amendment provides, in pertinent part, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. A defendant has a Sixth Amendment right not just to counsel, but to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). In *Strickland*, the Supreme Court set forth a two-pronged test for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687, 104 S. Ct. at 2064. As with any other claim under § 2255, the burden of proving ineffective assistance of counsel is on the petitioner. *Virgin Islands v. Nicholas*, 759 F.2d 1073, 1081 (3d Cir. 1985).

5

In considering the first prong of the test set forth in *Strickland*, the appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688, 104 S. Ct. at 2065. A defendant asserting a claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690, 104 S. Ct. at 2066. The evaluation of the objective reasonableness of counsel's performance must be made "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381, 106 S. Ct. 2574, 2586, 91 L. Ed. 2d 305 (1986).

The second prong of the *Strickland* test requires the petitioner show counsel's deficient performance prejudiced the defense. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland,* 466 U.S. at 691, 104 S. Ct. at 2066. The petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S. Ct. at 2068. The *Strickland* Court emphasized both prongs must be established in order to meet the claimant's burden, and if either prong is not satisfied the claim must be rejected, stating:

> Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result.

6

*Id*. at 697, 104 S. Ct. at 2069.

**III.    DISCUSSION**

Petitioner asserts three grounds upon which he argues the Court should vacate, set aside, or correct his sentence. Petitioner contends: (1) a Sixth Amendment error occurred in the imposition of his sentence, based upon the United States Supreme Court decisions in *Blakely v. Washington*, 542 U.S. 296 (2004) and *Apprendi v. New Jersey*, 530 U.S. 466 (2000); (2) he was "actually innocent of the sentence imposed"; and (3) he was denied effective assistance of counsel when his attorney failed to object to the PSR, failed to advise Petitioner about the length of his sentence, and failed to file a direct appeal.

**A.    Sixth Amendment Error and "Actual Innocence"**

The Government's response correctly states Petitioner's first two arguments are based upon alleged Sixth Amendment violations in connection with his sentence. Petitioner relies upon the Supreme Court's decision in *Blakely*, which, as he notes, was based upon its prior decision in *Apprendi*. He asserts his sentence was enhanced based upon facts not found by a jury (Petitioner's Memorandum at 9-15), and in a related argument that he is "actually innocent" of the sentence, which excuses any procedural default (Petitioner's Memorandum at 16-21).

As Petitioner's sentencing range was based solely upon his prior convictions and his career offender status, no Sixth Amendment error occurred. *See U.S. v. Barnett,* 398 F.3d 516, 524-25 (6th Cir. 2005)(finding no Sixth Amendment error where defendant was armed career criminal and his guideline range was based solely upon prior convictions). Therefore, he is not entitled to relief under *Apprendi* or *Blakely*.

To the extent Petitioner asserts his *Blakely* claim should now be considered a claim based upon *United States v. Booker*, 125 S. Ct. 738 (2005), and that it was error for the Court to sentence him based upon a guideline range the Court erroneously believed to be mandatory (Petitioner's Memorandum at 27-28), *Booker* provides no basis for relief. The United States Court of Appeals for the Sixth Circuit (the "Sixth Circuit") has held that *Booker* is a new rule of criminal procedure that does not apply retroactively to provide relief by way of § 2255 for petitioners whose sentences were final before the date of its decision, January 12, 2005. *Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005). As a result, Petitioner's first two claims are without merit. Accordingly, the Court will **DENY** Petitioner's claim for relief on Grounds One and Two.

### B. Ineffective Assistance of Counsel

In Petitioner's Third Claim, Petitioner argues he was denied effective assistance of counsel when his attorney failed to object to the PSR, failed to properly advise Petitioner about the consequences of his guilty plea, and failed to file a direct appeal. The Court will address each of these subparts in turn.

#### 1. Counsel Failed to Object to the PSR

In pages 24 and 25 of Petitioner's memorandum, Petitioner claims Counsel was constitutionally ineffective because he failed object to the PSR for many reasons. First, Petitioner argues Counsel should have objected to the PSR because the probation officer did not group the robbery counts, which were all part of the same conspiracy. As discussed above, the probation officer correctly grouped the conspiracy count with each robbery count, but did not group the robbery counts together pursuant to USSG § 3D1.2(d). Therefore, Counsel did not err in failing to raise this frivolous objection, nor was defendant prejudiced as a result.

8

## 2. *Counsel Failed to Advise Petitioner of the Consequences of his Guilty Plea*

Next, Petitioner claims Counsel was ineffective for failing to object "to the double counting in the 924(c) [convictions]." (Court File No. 1, Memorandum at 22). Petitioner argues he was indicted for two counts of violating 18 U.S.C. § 924(c)(1)(A)(ii), which he asserts each carry a seven-year-sentence. Petitioner points out he was not indicted for violating 18 U.S.C. § 924(c)(1)(C), which mandates a consecutive twenty-five-year sentence.

In response, the Government agrees the indictment charged in Counts Five and Seven Petitioner brandished a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). However, the Government points out "by pleading guilty to both of these counts, petitioner pled guilty to a second or subsequent conviction under 18 U.S.C. § 924(c). That second conviction subjected petitioner to a twenty-five-year consecutive term of imprisonment. The United States was not required to plead this enhancement in the indictment." Further, the Government points out Petitioner signed the plea agreement which states in pertinent part:

> 12. The maximum penalties to which the defendant will be exposed by virtue of his guilty plea are as follows: . . .
>
>     c. <u>Count Five (18 U.S.C. § 924(c)(1)(A)(ii))</u>: Imprisonment of a term of not less than seven years up to a maximum of life (consecutive to other sentences). . . the penalty for a second or subsequent conviction under Title 18, United States Code, Section 924(c) is imprisonment for a term of not less than twenty-five years up to a maximum of life
> 
> . . .
> 
>     e. <u>Count Seven (18 U.S.C. § 924(c)(1)(A)(ii))</u>: Imprisonment of a term of not less than seven years up to a maximum of life (consecutive to other sentences). . . the penalty for a second or subsequent conviction under Title 18, United States Code, Section 924(c) is imprisonment for a term of not less than twenty-five years up to a maximum of life.
> 
> . . .
> 
> 21. The defendant acknowledges that his attorney has fully explained the nature of the charges, the potential penalties, and any defenses he might have.

(Crim. Court File No. 98 at 8, 11.) The Court concludes the plea agreement clearly states "the penalty for a second or subsequent conviction" under 18 U.S.C. § 924(c) is "imprisonment for a term of not less than twenty-five years to a maximum of life" and the imprisonment terms under that code section are consecutive to other sentences. Petitioner pleaded guilty to both Count Five and Count Seven, constituting a first and second conviction under 18 U.S.C. § 924(c). Further, Defendant acknowledged his attorney had fully explained the penalties. (Crim. Court File No. 98 at 11.) As a result, the Court concludes Petitioner was advised of the penalties he faced in the signed plea agreement. Therefore, Petitioner's argument is without merit. Petitioner was informed of the maximum penalties and Petitioner was not prejudiced by Counsel's failure to raise a frivolous objection to the sentences correctly imposed for the 18 U.S.C. § 924(c) convictions.

In a related argument, Petitioner argues Amendment 599 of the United States Sentencing Guidelines is applicable to his conviction on the § 924(c)(1)(A)(ii) charge and his conviction should be vacated based upon that amendment. He accuses Counsel of being constitutionally deficient by failing to object based on Amendment 599. Amendment 599 provides that no enhancement under the guidelines is applied for brandishing a firearm where the defendant is also convicted and sentenced based upon an underlying offense involving the same firearm. U.S.S.G. § 2K2.4 (incorporating Amendment 599 as comment. n.4).

A review of the PSR reveals Petitioner received the benefit of Amendment 599. Although Petitioner or others brandished a firearm in each of the armed robberies to which Petitioner pleaded guilty, the probation officer did not increase the base offense level for the armed robberies in Count Four or Six because Petitioner pleaded guilty to the same conduct of brandishing a firearm in Counts Five and Seven in violation of 18 U.S.C. § 924(c). (PSR at ¶¶ 75, 83.) The probation officer

10

increased the base offense level for the armed robberies in Counts Eight, Ten, Twelve and Fourteen because Petitioner did not plead guilty to the § 924(c) charges associated with those robberies. (*Id.* at ¶¶ 90, 97, 104, 112.). Additionally, Petitioner's offense level was established by the fact he is a career offender, regardless of these enhancements. Therefore, Petitioner was not prejudiced by Counsel's failure to raise this frivolous objection.

In a cryptic statement, Petitioner argues his "unconditional plea of guilty was not knowingly and voluntarily made because defendant had been misadvised by trial counsel and the District Court as to the consequences of [a] conditional plea of guilty and the Distec [sic] Court erred by its failure to afford the Movant his right of allocution before sentencing." (Petitioner's Memorandum at 23.) First, Petitioner's plea agreement was not conditional. (Crim. Court File No. 98.) Petitioner's plea agreement states "this seventeen (17) page plea agreement constitutes the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charges, and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States." (Crim. Court File No. 98 at 16.) Given the presence of the signed plea agreement and the absence of any other evidence showing the plea was involuntary or without sufficient knowledge of the charges against him and the penalties he was facing, Petitioner provides no evidence his plea of guilty was anything but knowing and voluntary.

In response to Petitioner's claim the Court failed to give him his right to allocution, the Court gave Petitioner his opportunity to speak or present any information to mitigate the sentence under Fed. R. Crim. P. 32. (Crim. Court File No. 143, Sent. Tr. at 5.) In fact, Petitioner spoke in open court before the Court pronounced his sentence, apologizing to the victims of his crimes and to his

11

parents and family members. (*Id.* at 6-8.) Therefore, this claim is factually without merit.

Finally, in an attempt to show prejudice under *Strickland*, Petitioner asserts that but for these complaints he would have gone to trial and pleaded not guilty. As explained above, Petitioner's arguments fail to demonstrate any deficiency on the part of Counsel in connection with his guilty plea. Therefore, Petitioner's claims for ineffective assistance of counsel in connection with his guilty plea fail the first prong of the *Strickland* test, and the Court need not decide whether Petitioner was prejudiced by not going to trial on a theory he was not guilty of the armed robberies and of brandishing firearms during the robberies. However, as Petitioner has set forth no rational basis upon which Petitioner could have prevailed at trial on any of these charges, the Court detects no evidence which suggests Petitioner was prejudiced by any alleged deficiency in Counsel's performance.

### 3. *Counsel Failed to File a Direct Appeal*

Finally, Petitioner contends he instructed Counsel to appeal his sentence and he did not do so (Petitioner's Memorandum at 23-24). Failure to file an appeal in derogation of a defendant's express request is a *per se* violation of the Sixth Amendment. *See Roe v. Flores-Ortega*, 528 U.S. 470, 477, 120 S. Ct. 1029, 1035, 145 L. Ed. 2d 985 (2000). To show Counsel performed deficiently in failing to file a notice of appeal, petitioner must demonstrate either "(1) that the attorney disregarded [petitioner's] instructions to file a notice of appeal, or (2) that the attorney failed to consult with [petitioner] about an appeal when he knew or should have known that [petitioner] might want to appeal." *Higbee v. United States*, 2001 WL 1176392, at *1 (6th Cir. Sept. 26, 2001) (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000)).

In response to this argument, the Government has submitted two documents: (1) a letter from

12

Counsel to Petitioner, dated January 11, 2004 (two days after Petitioner's sentencing hearing) (Court File No. 4, Part 2 "Counsel's letter") and (2) an affidavit by Counsel (Court File No. 4, Part 3 "Counsel's Affidavit"). In Counsel's letter, Counsel reminded Petitioner he had "ten (10) days in which to appeal the Judge's sentencing decision." Further, the Counsel's letter states :

> As we discussed, there seems to be little, if anything, appealable about the Judge's sentencing. While the sentence is a long time, five hundred forty (540) months, it was certainly within the guideline range and at the bottom end of the guideline range.
>
> I have contacted Mr. Neff about moving you to Silverdale. Hopefully we can get something done about that. If you are placed back into isolation, I do want to know about that as quickly as possible.
>
> Please let me know if there is any change in your desire to appeal this matter.

(Court File No. 4, Part 2.) Counsel's affidavit states, on January 12, 2004, Counsel "hand-delivered the letter to [Petitioner] and discussed with [Petitioner] at the Hamilton County Jail concerning whether to file an appeal. At that time, defendant stated to affiant that he would not file an appeal." (Court File No. 5, Part 3.)

As the Sixth Circuit noted, "If counsel has consulted with the defendant, counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." *Id.* (citing *Flores-Ortega*, 528 U.S. at 478-79). Here, based on Counsel's letter and affidavit, Petitioner did not indicate he wanted Counsel to file an appeal at the time they discussed whether or not to file an appeal. Failure to file an appeal in such a circumstance does not constitute ineffective assistance of counsel. *See Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998) ("the Constitution is only implicated when a defendant actually requests an appeal, and his counsel disregards the request").

For the reasons stated above, Petitioner's claims are completely without merit. Therefore,

13

Petitioner's counsel was not deficient in failing to file a direct appeal, nor was Petitioner prejudiced by the omission. Accordingly, the Court will **DENY** Petitioner's claim for relief on Ground Three.

IV.     **CONCLUSION**

For the reasons set forth above, the Court holds Petitioner's conviction and sentencing were not in violation of the Constitution or laws of the United States, and the motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 will be **DENIED**.

The Court must now consider issues that may arise if Petitioner files a notice of appeal. Section 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion.[2] Section 2255 now incorporates the old habeas procedure of issuing or denying a certificate of probable cause, now renamed a certificate of appealability. No § 2255 petitioner may appeal without this certificate. District judges may issue certificates of appealability under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which codifies the standard for issuing a certificate of probable cause originally articulated in *Barefoot v. Estelle*, 463 U.S. 880, 893, 103 S. Ct. 3383, 3394, 77 L. Ed. 2d 1090 (1983). *See Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997). "A certificate of probable cause requires petitioner to make a 'substantial showing of the denial of [a] federal right.'" *Barefoot*, 463 U.S. at 893, 103 S. Ct. at 3394. *See also*

---

[2]The Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)(3), does not apply to appeals of orders denying § 2255 motions. *Hereford v. United States*, 117 F.3d 949, 951 (6th Cir. 1997); *cf. McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997) (instructing courts regarding proper PLRA procedures in prisoner civil-rights cases). Rather, to seek leave to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the $105 filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must seek permission from the district court under Rule 24(a) of the Federal Rules of Appellate Procedure. *Hereford*, 117 F.3d at 952. If the motion is denied, the prisoner may renew the motion in the appellate court.

28 U.S.C. § 2253(c)(2). The standard is perhaps best phrased as follows:

> In requiring a "question of some substance," or a "substantial showing of the denial of [a] federal right," obviously the petitioner need not show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are "adequate to deserve encouragement to proceed further."

*Gordon v. Willis*, 516 F. Supp. 911, 913 (N.D. Ga. 1980) (quoting *United States ex rel. Jones v. Richmond*, 245 F.2d 234 (2d Cir.), *cert. denied*, 355 U.S. 846, 78 S. Ct. 71, 2 L. Ed. 2d 56 (1957)).

In this case, Petitioner's claims are clearly without merit, and he cannot present a question of some substance about which reasonable jurists could differ. The Court therefore **DENIES** a certificate of appealability.

Fed. R. App. P. 24(a) further requires the district court to certify in writing whether an appeal would be taken in good faith. For the same reasons the Court denies a certificate of appealability, the Court determines any appeal in this case would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Fed. R.App. P. 24(a), any appeal in this matter by Petitioner is not taken in good faith, and he may not proceed on appeal *in forma pauperis*. *United States v. Atkins*, 171 F. Supp. 2d 769 (W.D. Tenn. 2001). No certificate of appealability will issue as Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c).

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**